IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

AMIR DOUD
6034 Old Frederick Road
Catonsville, Maryland 21228

                Plaintiff,

      -vs.-

**7-ELEVEN, INC.,**
1722 Routh Street, Suite 1000
Dallas, Texas 75201

**SERVE**:
Corporate Creations Network Inc.
4256 San Felipe #1100
Houston, Texas 77027

                Defendant.

Case No.

## COMPLAINT

Plaintiff, Amir Doud, ("Plaintiff"), by and through his attorneys, George Hermina, John Hermina, and the Hermina Law Group sues the Defendant and for his causes of action, he alleges the following:

### PARTIES

1.    Defendant 7-Eleven, Inc., (hereinafter "7-Eleven") is a Texas Corporation that holds itself out as a Franchisor of convenience stores with its principle place of business in Dallas, Texas.

2.    Plaintiff is an individual residing at 6034 Old Frederick Road, Catonsville, MD 21228.

1

11.    Plaintiff operated 7-Eleven Store 11634B for three years.

12.    On or about November 16, 2012, Plaintiff and 7-Eleven entered into another Store Franchise Agreement whereby Plaintiff would be a franchisee of 7-Eleven for a store located at 1501 Rock Spring Road, Forest Hill, MD 21050 and identified as 7-Eleven Store Number 35478A (hereinafter "new store").

13.    On July 1, 2013 Plaintiff received notice of termination for store 11634B describing several fabricated breaches along with a notice relating to alleged failure to meet the required net worth detailed in the Franchise Agreement. Plaintiff cured and met the required net worth within two business days from receipt of the notice.

14.    On July 5, 2013, less than four days later, Defendant took over the old store and prevented Plaintiff from operating it.

15.    Recognizing that the new store would open in short order and that his losses would be limited to the time period between old store closing and new store opening, Plaintiff agreed to accept a nominal amount and released Defendant form the old store contract only.

16.    Defendant attempted to fraudulently obtain a general release of the entire relationship between the parties but Plaintiff did not agree.  Following a meeting with Defendant's Market Manager, the release was modified to reflect only the old store.

17.    Defendant promised that it will honor the new contract once the new store was opened.

18.    Prior to the opening of the new store, Plaintiff was informed by another 7-Eleven franchisee that 7-Eleven has given him the right to operate the new store which is subject to a valid contract between Plaintiff and Defendant.

19.    When the new store opened, Plaintiff was not allowed to operate it.

## CLAIM 1: BREACH OF CONTRACT

20.     Plaintiff hereby realleges and reincorporates the allegations contained in Paragraphs 1-19 herein.

21.     A valid and enforceable contract exists given that both Plaintiff and 7-Eleven agreed to and signed the Franchise Agreement for store 35478A. An agreement was reached between the two parties regarding the terms of the Franchise Agreement for store 35478A, an offer was made by 7-Eleven for Plaintiff to manage the store, and Plaintiff accepted the offer. The Franchise Agreement afforded 7-Eleven the right to terminate, cancel, or declare a forfeiture of the specific lease if Plaintiff breached the Franchise Agreement.

22.     Plaintiff complied with all of the conditions of the Franchise Agreement for store 35478A even though he never occupied the store. There were no actions taken by the Plaintiff to breach this specific Franchise Agreement that would justify 7-Eleven terminating the agreement.

23.     7-Eleven then failed to convey the property to Plaintiff in accordance with the terms of the Franchise Agreement claiming that a breach of the Franchise Agreement for 7-Eleven store 11634B and subsequent termination also meant termination for 7-Eleven store 35478A.

24.     There are no words in either of the Franchise Agreements that state that the breach of one agreement meant the breach of all other agreements or that one termination of a lease meant the termination to all other leases. Both Franchise Agreements are complete and separate agreements. Even though 7-Eleven terminated the Plaintiff's lease for the first store, this does not mean that he is terminated as to the agreement for the second store.

25.    As a result of 7-Eleven breaching the contract by failing to convey the property, Plaintiff suffered damages.

26.    Additionally, a valid employment contract was created between 7-Eleven and Plaintiff.

27.    An implied-in-fact covenant of good faith and fair dealing was created through he conduct of 7-Eleven. 7-Eleven previously contracted with Plaintiff for the operation of the first store and agreed to contract with Plaintiff for the second store on similar terms. This conduct created an expectation of fair and good faith treatment.

28.    7-Eleven breached this covenant when it failed to provide the property as described in the Franchise Agreement.

## CLAIM 2: WRONGFUL DISCHARGE FROM EMPLOYMENT

29.    Plaintiff hereby realleges and reincorporates the allegations contained in Paragraphs 1-19 herein.

30.    7-Eleven promised Plaintiff a fixed term of employment for store 35478A and described that the lease would be terminated only in accordance with specific procedures relating to that Franchise Agreement.

31.    Plaintiff agreed to these terms by signing the Franchise Agreement.  However, Plaintiff was terminated from employment of store 35478A contrary to the terms that were set forth in the agreement.

32.    Plaintiff did not breach the Franchise Agreement for 7-Eleven store 35478A

## CLAIM 3: CONVERSION

33.     Plaintiff hereby realleges and reincorporates the allegations contained in Paragraphs 1-19 herein.

34.     7-Eleven wrongfully took store 35478A from Plaintiff who signed a Franchise Agreement legally leasing him the property in question. The taking was intentional, was without permission of the Plaintiff, and 7-Eleven proceeded to lease the store to another individual.

## CLAIM 4: FRAUD

35.     Plaintiff hereby realleges and reincorporates the allegations contained in Paragraphs 1-19 herein.

36.     7-Eleven failed to disclose to Plaintiff that if Plaintiff breached the Franchise Agreement for store 11634B, and it led to termination of the lease, all other leases would be terminated as well.

37.     This nondisclosure was material because it related to the Plaintiffs management of 7-Eleven store 35478A, which he contracted for.

38.     7-Eleven had the duty to disclose this information because it was not stated in either of the Franchise Agreements.

39.     Plaintiff justifiably relied upon this nondisclosure because he acted as though the Franchise Agreement for store 35478A was a separate agreement from the one with the store 11634B. Due to this nondisclosure, Plaintiff suffered damages because 7-Eleven wrongfully took the store 35478A.

40.     7-Eleven also fraudulently induced the employment of Plaintiff because the nondisclosure was material to his decision to accept employment for the second store. Plaintiff

would not have accepted employment knowing that termination of the first lease meant termination of all leases.

41.   Defendant's acts were committed with actual malice or its functional equivalent.

42.   The said acts caused significant harm to Plaintiff.

## PRAYERS FOR RELIEF

WHEREFORE, your Plaintiff respectfully pray that this Honorable Court:

Grant the Plaintiff, a judgment in the amount of $500,000.00 Dollars; and

Grant your Plaintiff any such other and further relief as to this Court may appear just and proper.

## JURY TRIAL DEMAND

The Plaintiff respectfully requests a jury trial on all of the factual and legal issues that may be tried by a jury in the above-captioned action.

Respectfully Submitted,

THE PLAINTIFF,

BY: 

Their Counsel
George Hermina, Esq.
John Hermina, Esq.
HERMINA LAW GROUP
Laurel Lakes Executive Park
8327 Cherry Lane
Laurel, Maryland 20707
Email: law@herminalaw.com
Tel 301-776-2003
Fax 301-490-7913

7

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐
**Expedited**
Trial within 7 months
of Filing

☐
**Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____

Signature _____   Date _____

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing        ☐ Standard - Trial within 18 months of Filing

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited          Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short     Trial 210 days.

☐ Standard           Trial 360 days.

☐ Lead Paint         Fill in: Birth Date of youngest plaintiff _____ .

☐ Asbestos           Events and deadlines set by individual judge.

☐ Protracted Cases   Complex cases designated by the Administrative Judge.

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.

## CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited
(Trial Date-90 days)

Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard
(Trial Date-240 days)

Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard
(Trial Date-345 days)

Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex
(Trial Date-450 days)

Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.